UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-0199-CVE |
| ) | |
| MOISES ALBERTO YANEZ, ) | |
| OSCAR FUENTES-DIAZ, ) | |
| TERRY LEON KING, ) | |
| MICHAEL MAICOL NUNEZ, and ) | |
| JOSE ROBLES ARECHIGA, ) | |
| a/k/a Jose Felix, ) | |
| a/k/a Zurdo, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is defendants' Unopposed Motion to Declare this Case a Complex Matter (Dkt. # 55). Defendant Moises Alberto Yanez has filed a motion on behalf of himself and co-defendants Terry Leon King, Michael Maicol Nunez, and Jose Robles Arechiga to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq.[1] The government does not oppose defendants' motion to declare this matter a complex case. Dkt. # 55, at 1.

On November 5, 2012, Yanez, Fuentes-Diaz, King, and Arechiga were charged by complaint with conspiracy to possess methamphetamine with intent to distribute. Dkt. # 1. King and Arechiga were arrested and, on November 6, 2012, made their initial appearance to the charge alleged in the complaint. Dkt. ## 16, 19. On November 7, 2012, the grand jury returned an indictment (Dkt. # 26)

---

[1]  Defendant Oscar Fuentes-Diaz has not made an appearance before this Court but, pursuant to Fed. R. Crim. P. 5, he has appeared before the United States District Court for the District of Arizona. Dkt. # 56.

charging Yanez, Fuentes-Diaz, King, Nunez, and Arechiga with conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Nunez made his initial appearance on November 9, 2012 and Yanez made his initial appearance on November 13, 2012. The Court appointed an attorney for each defendant at his initial appearance. The Court entered a scheduling order (Dkt. # 48), inter alia, setting the case for jury trial on December 17, 2012.

The government is in the process of gathering discovery but defense counsel has been advised that it will be approximately one month before the government is prepared to provide discovery to defense counsel. Dkt. # 55. The discovery materials include transcripts from wiretaps of two cellular telephones, and there are over 7,000 phone calls and text messages that were intercepted by the wiretaps. Id. at 2. Many of the calls and text messages are in Spanish, and defense counsel anticipate that they will request authority to have the transcripts translated to verify the accuracy of any translation prepared by the government. Id. This case is the result of an investigation that began on June 9, 2011, and the government has advised defense counsel that it will provide copies of surveillance memos, investigative reports, affidavits for wiretaps, and interviews of cooperating witnesses. Id. Although the exact number of documents is not currently known, defense counsel anticipate that they will receive thousands of pages of discovery. Defense counsel for Yanez and Arechiga have also advised the Court that they are representing other defendants in complex criminal matters, and they have lengthy jury trials set in January and April 2013.

Defendants ask the Court to declare this matter a complex case under § 3161(h)(7)(A) of the Speedy Trial Act. Dkt. # 13, at 3. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her]

2

findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  A case may be declared complex under the Speedy Trial Act if "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii).  The Tenth Circuit has been clear that a continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. United States v. Toombs, 574 F.3d 1262, 1273 (10th Cir. 2009).

The Court has reviewed defendants' motion and finds that this matter should be declared a complex case under § 3161(h)(7)(A).  It would be unreasonable to expect defendants to prepare a meaningful defense under the current scheduling order.  The government has advised defense counsel that it will provide a substantial amount of discovery and defendants have not yet received the discovery materials from the government. Dkt. # 55, at 2.  Much of the discovery will need to be translated from Spanish to English, and it is reasonable to assume that defense counsel will require a significant amount of time to review the discovery and consults with their clients.  This is a five defendant drug conspiracy case and the number of defendants is a relevant factor when determining whether a case is complex.  18 U.S.C. § 3161(h)(7)(B)(ii); United States v. Ajemian, ___ F. Supp. 2d ___, 2012 WL 2829522, *2 (S.D.N.Y. July 6, 2012).  The Court also takes into account that defense counsel have other complex matters that require their attention.  Based on all

of these factors, the Court finds that it is appropriate to treat this matter as a complex case under the Speedy Trial Act. The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against defendants' interest of having adequate time to prepare for trial. Under these circumstances, defendants' interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by declaring this matter a complex case. Taking into account the complexity of the case and defense counsel's other matters previously set for trial, the Court finds that a June 2013 trial setting will provide defense counsel adequate time to review the discovery materials and prepare a defense for their clients.

**IT IS THEREFORE ORDERED** that defendants' Unopposed Motion to Declare this Case a Complex Matter (Dkt. # 55) is **granted**.

**IT IS FURTHER ORDERED** that following scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | May 10, 2013 |
| Responses due: | May 24, 2013 |
| PT/CP/Motions Hearing: | June 5, 2013 at 9:30 a.m. |
| Voir dire, jury instructions, and trial briefs due: | June 10, 2013 |
| Jury Trial: | June 17, 2013 at 9:15 a.m. |

**IT IS FURTHER ORDERED that the time between December 17, 2012 and June 17, 2013 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**DATED** this 29th day of November, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4